## GARY LAND COMPANY *v.* GRIESEL.

[No. 21,789. Filed February 11, 1913.]

1. DEEDS.—*Description.*—*Conveyance According to Plat or Governmental Subdivisions.*—A conveyance of a lot according to a plat, or by governmental subdivisions carries all the land within the lines so run and platted. p. 221.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action between the Gary Land Company and Wilhelmina Griesel, and from a judgment for the latter, the Gary Land Company appeals. *Reversed.*

*Knapp & Campbell* and *John H. Gillett,* for appellant.

*Herbert S. Barr, Harold H. Wheeler* and *Johannes Kopelke,* for appellee.

MYERS, C. J.—This is a companion cause to No. 21,788, between the same parties, and involves the question of title to any land which may lie north of the Grand Calumet River, in the northwest corner of section 5, township 36 north, range 8 west, in Lake County, Indiana.

Appellant traces title from the United States for section 5 under patent dated November 6, 1865, originally surveyed and platted as containing 542.30 acres. See plat in *Gary*

*Land Co.* v. *Griesel, ante* 204.   Appellee claims title by deraignment through a patent from the State dated January 18, 1876.   The same conveyance and description as shown in No. 21,788.

Appellee's contention in that case, as in this, is, that she owns all of that portion of section 5 north of the thread of the stream of the Calumet River.   The plats and field notes and the material evidence in this case are the same as in the former case, except that in the case of section 5 the plat in the office of the Auditor of State shows no part of section 5 shaded in green, as in the case of all of section 6 south of the river, but shows lot 4 enclosed by rectangular lines, with no shading in that lot, or in any other subdivision of section 5, and shows lot 4 as having 51.10 acres, as in case of the government plat.   As we have held in the former case 1. that the original patent conveyed all the land within the lines of lot 1 in section 6, and that a conveyance of a lot according to a plat, or by governmental subdivisions, carries all within the lines so run and platted, it is manifest that appellee has no interest in land, or land under water in section 5.   Referring to the plat accompanying the opinion in *Gary Land Co.* v. *Griesel, supra,* it will be seen that the total acreage of section 5 is given as 542.30 acres, and that a part of the north line of the section, extending across the bend of the river, indicates 5.20 acres of land north of the river not given as a lot, or numbered, but forming also the north line of lot 1, which is the northeast lot of section 5, and it requires these 5.20 acres to make the 542.30 acres which the section is surveyed by meandering, and platted to contain, and the plat shows the east line of section 5 as west of the east line of section 32 on the north.   We point this out as indicating the uniformity of procedure followed in surveying and platting both sections 5 and 6.

No good purpose will be subserved by extending this opinion, and upon the authority of the former case the judgment is reversed, with instructions to the court below to sustain

appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 100 N. E. 835. As to the construction of the words "more or less", "from", "to", "from a street", "shore" and "to the shore", see 28 Am. St. 631. As to the regard with which maps, plats, field-notes and the like are to be considered, see 129 Am. St. 1013.